CAIN
*vs.*
McGUIRE, &c.

---

CQVENANT.

Case 4.

December 9.

13bm340
106 761

13bm340
110 26

13bm 340
d127 820

## Cain *vs.* McGuire, &c.

### ERROR TO LAWRENCE CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

1. The sale of trees growing upon land, made in prospect of immediate separation from it, is not a sale of the land or any interest in it, and is not within the statute of frauds. (*Chitty on Con.* 301; 4 *Metcalfe*, 580; 7 *Greenleaf*, 477.)

2. A contract conferring an exclusive right to the use of land for a time, for the purpose of making a profit of the growing surface, &c., may be within the statute of frauds. (1 *Greenleaf on Ev.* 309.)

3. A party who is restrained by injunction from doing that which he had the lawful right to do, may recover upon the bond for the injury, if the condition embraces the injury.

Question stated.

The principal question in this case is, whether a contract for the sale of a certain number of trees, not severed from the soil at the time, but made in prospect of their immediate separation and removal

from the soil by the vendee, is a contract within the statute of frauds, which requires a contract for the sale of lands, tenements or hereditaments, or the making any lease thereof for a longer term than one year, to be in writing and signed by the party to be charged therewith.

The parties in making such a contract do not intend to embrace the land or any interest in the land, nor does such a contract confer any right to the land, except the mere right to enter upon it, and cut and carry away the growing trees that have been sold. It is, in contemplation of the parties, a sale of the timber as chattels, and cannot be regarded as a sale of the land, or any interest therein, and is not therefore embraced by the statute of frauds. (*Chitty on Contracts*, 301 ; *Claffin* v. *Carpenter*, 4 *Metcalfe*, 580 ; *Erskine* v. *Plummer*, 7 *Greenl.* 477.)

1. The sale of trees growing upon land, made in prospect of immediate separation from it, is not a sale of the land or any interest in it, and is not within the statute of frauds. (*Chitty on Con.* 301; 4 *Metcalfe*, 580; 7 *Greenleaf*, 477.)

A distinction seems to exist between contracts conferring an exclusive right to the land for a time, for the purpose of making a profit of the growing surface, and those for trees, or other things growing upon the land, in prospect of their immediate separation. The latter class of contracts are not considered as within the statute of frauds, where timber or other produce of the land, or any other thing annexed to the freehold, is specifically sold, whether it is to be severed from the soil by the vendor, or by the vendee under a special license to enter for that purpose. (1 *Greenleaf on Evidence*, 309, *and the cases referred to.*)

2. A contract conferring an exclusive right to the use of land for a time, for the purpose of making a profit of the growing surface, &c., may be within the statute of frauds. (*Greenleaf on Ev.* 309.)

The sale of the growing timber in this case was therefore valid, and the vendee had a right to sever and remove from the land of the vendor the eighty trees which he had purchased. To the extent of the injury he sustained by the act of the vendor in suing out an injunction and restraining order, and thereby preventing him from removing those trees that he had cut down, and from severing the remainder, he had a right to recover damages in this suit, which was brought upon the bond executed by the vendor, when he obtained the injunction, and contained the usual

3. A party who is restrained by injunction from doing that which he had the lawful right to do, may recover upon the bond for the injury, if the condition embraces the injury.

condition. The circuit court having given a different exposition of the law of the case, the judgment is erroneous.

Wherefore the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.

